FILED
June 2, 2025
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 7:25-MJ-024 |
| COLTEN WAYNE LACKEY (01) | |

## CRIMINAL COMPLAINT

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

Between on or about January 01, 2025, through March 19, 2025, in the Northern District of Texas and elsewhere, **Colten Wayne Lackey,** the defendant, did knowingly distribute child pornography using any means and facility of interstate and foreign commerce.

Specifically, **Colten Wayne Lackey** used a third-party application, the Internet, and a cellular phone to distribute the following visual depiction of a minor engaged in sexually explicit conduct:

| File Name | File Description |
|---|---|
| 0dd28687-e389-4e7a-bf4c-3b20cd80a6b9.mp4 | This 29-second video depicts a prepubescent female lying on her back and a male standing over her inserting his penis into her mouth. |

In violation of 18 U.S.C. § 2252A(a)(2)(A)

I further state I am a Special Agent of the Federal Bureau of Investigation (FBI), and this complaint is based on the following facts gathered through an investigation I have conducted, my training and experience, and information provided to me by other law enforcement officers.

## INTRODUCTION

1. I have been a Special Agent of the Federal Bureau of Investigation (FBI) since 2022. Prior to being sworn in as a Special Agent with the FBI, I was a member of the Aiken County Sheriff's Office in South Carolina from 2014 to 2021 where I was employed as a Deputy Sheriff and Criminal Investigator. I am currently assigned to a Safe Streets Task Force at the Dallas Division of the FBI, Wichita Falls Resident Agency (WFRA). The Task Force includes FBI Special Agents and police officers from the Wichita Falls, Texas Police Department (WFPD).

2. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. In my training and experience I have conducted numerous interviews of individuals who sexually exploit and abuse minors and who possess and trade child pornography. I am familiar with the use of online applications to communicate with minors and how to execute search warrants on various applications and devices.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to

establish probable cause to believe that **Colten Wayne Lackey** committed a violation of 18 U.S.C. § 2252A(a)(2)(A), Distribution of Child Pornography.

## PROBABLE CAUSE

4. On or about March 19, 2025, **Colten Wayne Lackey ("Lackey")** was transported to the Wichita Falls Parole Office by his mother for a parole meeting. Before exiting his mother's vehicle to attend the meeting, **Lackey** discreetly deposited his cellular telephone in a jacket pocket that remained in his mother's vehicle. **Lackey** was arrested for an outstanding parole violation at the conclusion of the meeting. Afterwards, **Lackey's** mother returned to her residence with the telephone and viewed the phone's interior contents. Upon viewing the contents, she observed large quantities of pornography which she found concerning.

5. On or about March 21, 2025, **Lackey's** mother returned to the Wichita Falls Parole Office and surrendered **Lackey's** phone to Parole Officials due to the concerning imagery she observed. Parole Officials, who have the authority to search the possessions of parolees, conducted a search of the device and observed numerous images and videos of prepubescent children engaged in sexually explicit conduct stored on the device.

6. Afterwards, the cellular telephone was surrendered to the control of Special Agent (SA) Jacob Weaver of the Texas Department of Public Safety, Criminal Investigations Division for further investigative purposes. In response to these developments, a search warrant was executed on the device for interior contents and communications. Upon analysis of the cellular device's contents, SA Weaver observed numerous

communications via the Telegram Messenger application related to child sexual abuse material (CSAM). These messages included images and videos of prepubescent children engaged in sexually explicit conduct, which were shared between several different Telegram user accounts, including the one used by **Lackey**.

7. On or about April 29, 2025, **Lackey** was interviewed by case agents regarding these developments. During the interview, **Lackey** admitted to receiving, viewing, and distributing CSAM via Telegram Messenger. Additionally, **Lackey** confirmed his Telegram username as [REDACTED] and confirmed he had custody and control of the cellular device described in this affidavit.

## CONCLUSION

8. Based on the forgoing, I believe that probable cause exists that between on or about January 1, 2025, through March 19, 2025, in the Wichita Falls division of the Northern District of Texas, **Colten Wayne Lackey** did knowingly distribute child pornography, using any means and facility of interstate and foreign commerce, in violation of 18 U.S.C § 2252A(a)(2)(A).

Matthew Hughes, Special Agent
Federal Bureau of Investigation

Sworn to me, over the telephone or other electronic means, and signed by me pursuant to Fed.R.Crim.P.4.1 on this <u>2nd</u> day of June 2025 at <u>3:34 p.m.</u> ~~a.m.~~/p.m., in Fort Worth, Texas.

*Hal R. Ray, Jr.*
HAL R. RAY, JR.
UNITED STATES MAGISTRATE JUDGE